**People of the State of Illinois, Plaintiff-Appellee,
v. Rex Lee Green, Defendant-Appellant.**

**Gen. No. 50,198.**

First District, Fourth Division.

June 17, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

**CHARGE:** Unlawful sale of narcotic drugs.[1]

**DEFENSE AT TRIAL:** Denial of sale or possession of any narcotic drugs.

**JUDGMENT:** Case was tried before the court without a jury. The court found defendant not guilty of the sale of narcotic drugs, but found him guilty of possession of narcotic drugs, and sentenced him to the Illinois State Penitentiary for a term of not less than two years nor more than two years and one day.

**POINTS RAISED ON APPEAL:** The charge was not proved beyond a reasonable doubt.

**STATE'S EVIDENCE AS TO SALE:** Police Officer William Parker testified that on October 10, 1963, he and Detective Robert Jarrett met with one Charles Moore, searched him and determined that he did not possess narcotics; that they gave Moore two five-dollar bills in United States currency, making a note of the serial numbers of the said bills; that the officers, together with Moore, went in the squad car to the vicinity of 43rd Street and Langley Avenue, where they stopped and Moore left the car, entering a tavern at 701 East 43rd Street; that a few minutes later they saw him come out of the tavern and stand in front of it; that a short time later defendant Green came out of the tavern, and he and Moore had a conversation, when "something was exchanged between the two of them"; that they both went back in the tavern and came out again in about one minute. The officer further testified that Moore then came to the police car and gave the officers two tinfoil packages which a field test indicated contained heroin; that the officers then entered the tavern and arrested defendant Green, Harold Franklin and Nathalia Hudson, who were all sitting together in a

---

[1] Ill Rev Stats (1965), c 38, § 22–3: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act."

booth. The officer stated that a search of the defendant and Franklin revealed no narcotics or money; that the Hudson woman gave them the two recorded five-dollar bills and later gave them an additional thirteen tinfoil packages which contained a white powder. The officer testified that when he asked the defendant how long he had been selling narcotics the defendant said that this was the first time; that the Hudson woman said she had got the narcotics and the money from the defendant. The officer further stated that he had reason to believe Moore was an addict.

Moore testified that he was searched and given the recorded five-dollar bills, after which he went to the tavern while the police officers stayed on the other side of the street; that he, Moore, went into the tavern and saw the defendant with Franklin and a young woman; that he was not certain whether or not she was the Hudson woman. He testified that he talked to the defendant with reference to obtaining drugs; that the defendant said he didn't have any but his man did; that he gave the defendant the two five-dollar bills; that he did not see what defendant did with them; that the defendant told him to meet him outside; that Moore then went out and the defendant soon came out and gave him two bags of heroin which he carried across to the officers. Moore further testified that the officers gave him money after the buy was made. He also testified that, while he had used narcotics, he was not an addict.

Nathalia Hudson, a codefendant, testified in her own behalf as follows: She had known the defendant prior to the night in question; she met him in the tavern where Franklin joined them, and they were all sitting in a booth. Moore came in and talked to the defendant, after which Moore and the defendant went outside; when defendant came back he was alone and handed her some money which had something wrapped in it. She gave the police the money she had in her coat pocket and

thirteen tinfoil packages which she had in her bra, and stated that all the narcotics were wrapped in a five-dollar bill which she got from the defendant. She stated that she did not use narcotics.

Defendant gave the following testimony in his own defense: He had been in the Air Force from 1952 to 1959 when he was honorably discharged. On the evening of October 10 he met the Hudson woman in the tavern, then had a conversation with Moore who told him he was sick and wanted narcotics. The defendant told him he had none, and walked outside the tavern. Moore followed him, still talking, and defendant asked Moore for a cigarette which he gave him, after which defendant returned to the tavern with Moore. The Hudson woman asked Moore for a cigarette and he gave her a package. She then went to the washroom and when she returned she handed Moore's cigarettes to the defendant, who gave them to Moore. Defendant denied that he had admitted to the police officers that he had made a sale of narcotics, and denied that he said this was the first time he had ever sold any narcotics.

During the argument at the trial it was pointed out that the defendant had been released previously by mistake from the County Jail and that he had come back and surrendered himself. With reference to the testimony of the Hudson woman, the court doubted that she intended the court to believe the defendant had given her thirteen packages of narcotics wrapped in a five-dollar bill. The court found the defendant, Green, not guilty of the sale of narcotics but found him guilty of possession, entered judgment and imposed a sentence.

■ OPINION: The evidence relied on by the State is not convincing. We are aware of the rule repeatedly stated by the courts that the finding of the trial court with reference to the question of the credibility of the witnesses is a matter for the trial court. However, that is not an immutable rule. In People v. Reese, 34 Ill2d

66

77, 213 NE2d 526, the Supreme Court reversed a judgment of conviction, and said:

> "We attach great weight to the findings of the trier of fact, including his appraisal of the credibility of witnesses, but they are not conclusive and it is our duty to set a conviction aside where the evidence is so unsatisfactory as to raise a reasonable doubt of a defendant's guilt. (People v. De Stefano, 23 Ill2d 427; People v. Butler, 28 Ill2d 88; People v. Pellegrino, 30 Ill2d 331.) In our opinion the totality of the circumstances here leaves a reasonable doubt as to the defendant's guilt and the conviction cannot stand."

In the case before us the defendant was found not guilty of the sale but he was found guilty of possession of narcotics.

The testimony of Moore as to the sale was at variance with that of the police officer. Moore testified that he talked to defendant in the tavern, and made the arrangements there; that he met defendant on the outside where the sale took place; and that he then turned the narcotics over to the police. The officer testified that after Moore entered the tavern he came out; that the defendant then came out and Moore engaged in conversation with the defendant, during which conversation something was exchanged between them; that they both went back into the tavern and in about a minute they both came out, after which Moore turned over the narcotics to the officer. The Hudson woman did not testify that she saw anything which would indicate a sale.

■■ As noted above, the court found defendant not guilty of the sale. In order that he be found guilty of possession the State had to prove beyond a reasonable doubt that defendant had possession of narcotics. The testimony of Nathalia Hudson that defendant gave her thirteen bags of heroin wrapped in a five-dollar bill is

67

unbelievable and was expressly disbelieved by the trial judge. The police officer did not find any narcotics or money on the person of the defendant. The testimony of the police officer and Moore's testimony as to defendant's possession of narcotics are inextricably interwoven with the testimony relating to the sale of the identical narcotics. We find no basis from which there could be a determination that defendant possessed narcotics but did not participate in a sale of those narcotics.

**DECISION:** The judgment is reversed.

Reversed.

DRUCKER, P. J. and ENGLISH, J., concur.